UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FILED

2014 MAY 14  PM 5: 11

U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **INDICTMENT** |
| | ) | (17 counts) |
| | ) | |
| | ) | |
| v. | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 1341 |
| | ) | 18 U.S.C. § 1349 |
| | ) | 18 U.S.C. § 2314 |
| JAMES P. LEDONNE | ) | 18 U.S.C. § 157 |

3: 14 CR 055

**THE GRAND JURY CHARGES:**

### Counts 1 - 11
### (wire fraud)

Defendant James P. LeDonne operated and was a principal in several companies that advertised and represented that they designed, manufactured, and sold mobile fiber optic splicing and testing units (also known as telecommunication laboratories).  These mobile fiber optic/optical fiber splicing and testing units were part of trucks, vans, trailers and truck inserts.  LeDonne utilized the following companies to execute a scheme to defraud victim purchasers of these mobile fiber optic splicing and testing units: Level 4 Technologies LLC; L6 Engineering Systems LLC; L&H Engineering & Design LLC; LeDonne Group Industries LLC; and LG Engineering & Design Inc.

Joining lengths of optical fiber is more complex than joining electrical wire or cable.  The ends of the fibers must be carefully cleaved, and then carefully spliced together with the cores perfectly aligned.  A mechanical splice holds the ends of the

fibers together mechanically while fusion splicing uses heat to fuse the ends of the fibers together.

LeDonne developed a scheme to defraud persons and companies who wanted to purchase and use mobile fiber optic splicing/testing units. LeDonne represented to prospective buyers that he could and would produce mobile fiber optic splicing/testing units that were part of trucks, vans, trailers and truck inserts. As part of his scheme, LeDonne demanded and obtained down payments from purchasers to secure an order for the assembly and manufacture of mobile fiber optic splicing/testing units. These down payments were most often 50% of the total purchase price of the units.

LeDonne and his several companies then most often did not deliver the promised units. LeDonne and his representatives promised various delivery dates to victim purchasers that came and went without delivery of a mobile fiber optic splicing/testing unit. LeDonne communicated, including through interstate emails, various excuses for why the units were not delivered as represented and promised. These excuses were false and fraudulent.

In fact, the companies operated by LeDonne had little to no real capacity to manufacture the mobile fiber optic splicing/testing units that were part of trucks, vans, trailers and truck inserts. To string victim purchasers along and to avoid having to issue refunds, LeDonne represented falsely that the units were in production and at times LeDonne utilized pictures of old mobile fiber optic splicing units to make purchasers believe that their units were actually being manufactured and assembled when in fact they were not.

As part of the fraud scheme, LeDonne used a series of bankruptcies to avoid having to refund monies to victim purchasers.   LeDonne would then create a new company and victimize additional prospective mobile fiber optic splicing unit purchasers through the new company.   Level 4 Technologies LLC filed bankruptcy on 2008.   L6 Engineering Systems LLC filed bankruptcy in December 2010.   LG Engineering & Design Inc. filed bankruptcy in December 2013.   As part of his fraud scheme, LeDonne made false statements and caused others to make false statements in those bankruptcy proceedings.

As part of the fraud scheme, LeDonne obtained a trailer already built and delivered to a customer in 2007 in Indiana under the guise of a recall in first half of 2012.   LeDonne then delivered this used (stolen) trailer to an unsuspecting LG Engineering & Design Inc. customer in Georgia in the summer of 2012.   As part of the fraud, LeDonne issued a new vehicle identification number for the stolen trailer so the Georgia customer could register and plate the trailer.

In or around 2008 through 2014, in the Northern District of Indiana, and elsewhere,

### JAMES P. LEDONNE,

defendant herein, having devised a scheme and artifice to defraud and for obtaining money by means of false and fraudulent pretenses, representations, and promises, caused to be transmitted by means of wire and radio communication in interstate commerce writings, signals, and sounds for the purpose of executing such scheme and artifice, as follows.

| Count | Date* | Interstate wire item |
|:---:|:---:|:---|
| 1 | August 8, 2011 | Interstate bank wire $11,697.77 |
| 2 | November 28, 2011 | Interstate bank wire $60,000 |
| 3 | August 27, 2012 | Interstate bank wire $22,500 |
| 4 | October 17, 2012 | Email from James LeDonne |
| 5 | October 22, 2012 | Interstate bank wire $19,250 |
| 6 | March 4, 2013 | Interstate bank wire $34,750 |
| 7 | March 18, 2013 | Interstate bank wire $14,725 |
| 8 | March 26, 2013 | Email from James LeDonne |
| 9 | July 30, 2013 | Email from James LeDonne |
| 10 | August 20, 2013 | Interstate bank wire $9,750 |
| 11 | September 11, 2013 | Interstate bank wire $35,000 |

\*    all dates on or about.

In violation of Title 18, United States Code, Section 1343.

**THE GRAND JURY FURTHER CHARGES**:

**Counts 12 - 14**
**(mail fraud)**

The allegations of paragraphs 1 through 7 of Counts 1 - 11 above are hereby incorporated as if set forth in full.

In or around 2009 through 2013, in the Northern District of Indiana, and elsewhere,

**JAMES P. LEDONNE,**

defendant herein, having devised a scheme and artifice to defraud and for obtaining money by means of false and fraudulent pretenses, representations, and promises, caused to be deposited matters and things to be sent and delivered by U.S. Postal Service and interstate carrier for the purpose of executing such scheme and artifice, as follows.

| Count | Date* | Mailed/Interstate Courier item |
|-------|-------|--------------------------------|
| 12 | December 31, 2012 | FedEx shipment of check for $84,500 |
| 13 | May 10, 2013 | U.S. Postal mailing of $9,250 check |
| 14 | May 28, 2013 | FedEx shipment of check for $32,625 |

\*   all dates on or about.

In violation of Title 18, United States Code, Section 1341.

THE GRAND JURY FURTHER CHARGES:

## Count 15
### (conspiracy to commit fraud)

In or around 2008 - 2013, in the Northern District of Indiana, and elsewhere,

### JAMES P. LEDONNE,

defendant herein, conspired with other persons to commit mail fraud and wire fraud,

in violation of federal law.

In violation of Title 18, United States Code, Section 1349.

THE GRAND JURY FURTHER CHARGES:

## Count 16
### (interstate transportation of stolen goods)

In or around the summer of 2012, in the Northern District of Indiana, and elsewhere,

## JAMES P. LEDONNE,

defendant herein, unlawfully transported and caused to be transported in interstate commerce from the State of Indiana to the State of Georgia stolen goods, that is, a fiber optic splicing trailer and tools/equipment, which were worth more than $5,000, knowing the same to have been stolen, converted, and taken by fraud.

In violation of Title 18, United States Code, Section 2314.

THE GRAND JURY FURTHER CHARGES:

### Count 17
### (bankruptcy fraud)

In or around 2008 - 2014, in the Northern District of Indiana, and elsewhere,

### JAMES P. LEDONNE,

defendant herein, knowingly and intentionally devised a scheme and artifice to

defraud creditors of companies he controlled as well as the bankruptcy estates

involved, bankruptcy trustees, and the Bankruptcy Court of money and property by

means of false and fraudulent representations and while knowing the pretenses and

promises he had made on behalf of and as the representative of four companies were

false.   For the purpose of executing that scheme, the defendant, acting on behalf of

four companies, as their principal owner, officer and member, filed or caused to be

filed, multiple voluntary petitions for Chapter 11 bankruptcy (reorganization), under

Title 11, United States Code (the Bankruptcy Code), which were later converted to

Chapter 7 bankruptcy (liquidation): Techline Engineering Inc., bankruptcy petition

filed on September 5, 2008 in case no. 08-13016, and converted on February 9, 2010;

Level 4 Technologies LLC, bankruptcy petition filed on November 19, 2008 in case

no. 08-14015, and converted on February 9, 2010; L6 Systems LLC, bankruptcy

petition filed on December 1, 2010 in case no. 10-15116, and converted on June 29,

2011; and one voluntary petition for Chapter 7 bankruptcy: LG Engineering &

Design Inc., bankruptcy petition filed on December 18, 2013 in case no. 13-13669.

The filing of a bankruptcy petition automatically stays (stops) the collection

activities by creditors including civil legal proceedings.   The object and intent of the

defendant's scheme and artifice was to fraudulently hinder, delay, and prevent payment to the creditors of Techline Engineering, Inc., Level 4 Technologies, LLC, L6 Systems, LLC, and LG Engineering & Design, Inc.

As part of the fraud scheme, the defendant misrepresented the true state of financial affairs with respect to the debtor companies.   Among these false statements were misrepresentations made by the defendant at a Section 341 creditors meeting on February 6, 2014 regarding accounts receivable and other assets of LG Engineering & Design, Inc. as well as misrepresentations made by the defendant to bankruptcy trustees in the cases listed above.

As part of the fraud scheme, the defendant caused the debtor companies to falsely list and to omit assets of the debtor companies in the bankruptcy filings and further caused the debtor companies not to turnover to the bankruptcy trustee assets of the debtor companies.

In violation of Title 18, United Stated Code, Section 157.

Dated: May 14, 2014

A TRUE BILL:

s/ Foreperson

_____

Grand Jury Foreperson


DAVID CAPP
UNITED STATES ATTORNEY

s/ Donald J. Schmid

By: _____

Donald J. Schmid
Assistant United States Attorney