UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,
   v.                                  CASE NO.  3:14-cr-55-JD
JAMES P. LEDONNE,
        Defendant.

**DEFENDANT'S MEMORANDUM IN SUPPORT OF RELEASE**

On May 14, 2014, a Seventeen Count Indictment was filed against the defendant, James P. LeDonne, charging him with wire fraud, mail fraud, interstate transportation of stolen vehicle, and bankruptcy fraud.  The defendant had his initial appearance before Magistrate Nuechterlein on May 19, 2014.  At the defendant's initial appearance on May 19th, the Government moved for detention.  On May 21st, the Government filed a Memorandum in Support of Pretrial Detention [DE9].  The Government alleged that the defendant, Mr. LeDonne, should be detained because he is a flight risk and his release would be a danger to the community.  A detention hearing was held on May 22nd following which Magistrate Nuechterlein ordered the defendant detained.  On June 11th, the defendant filed a Motion to Revoke Detention.  This Court set a review hearing was set for July 16th.

In reaching his decision to detain Mr. LeDonne, the Magistrate noted this is an unusual case "That normally we hear of danger to the community in the case of guns, drugs, and crimes of violence, that the defendant would be a predator and the safety of the community is at stake." [Tr. p. 68]

The Magistrate recognized that it is a harder case for the Government to make to prove

danger to the community in a financial case. [Tr. p. 68]  Indeed, while determining to detain the defendant, the Magistrate did not find that the defendant was a danger to the community. Instead, the Magistrate issued his Order for detention based on his determination that the defendant could not be trusted to appear in Court.  [Tr.p. 71. ll 17-18].

In reaching this decision, the Magistrate found that the 11 to 17 years the defendant could face, coupled with the strength of the Government's case, could make the defendant flee.  This conclusion is pure speculation and not supported by the facts presented at the detention hearing.

There are conditions that can be put into place to reasonably assure Mr. LeDonne's appearance in Court.  It is significant to note in the Pretrial Release Report [DE6], the Probation Department recommended that the defendant be released pending a ten thousand dollar ($10,000.00) unsecured bond; that the defendant report to the Pretrial Service Officer; that the defendant's travel be restricted to the Northern District of Indiana; and that the defendant not obtain a new passport.

At this stage of the proceedings, under the Constitution, the defendant enjoys the presumption of innocence.  He also has the constitutional right to be released on bail pending his trial.  See Amendment VIII of the U. S. Constitution.  The Bail Reform Act provides that the Court shall order the pretrial release of the defendant on personal recognizance or execution of an unsecured bond.  See 18 U.S.C. § 3142(b). Generally, a Court must release a defendant on bail on the least restrictive condition or combination of conditions that will reasonably assure the defendant's appearances when required and the safety of the community.  See 18 U.S.C. § 1342(c)(1)(B).

As the Magistrate noted, the Government has the burden to prove by clear and convincing evidence that the defendant could be a danger to the community.  18 U.S.C. § 3142(F)(2).  In this

case, the Government has failed to prove by clear and convincing evidence that the defendant is a danger to the community. In fact, the Magistrate did not find that the defendant was a danger to the community in this case.

The Government did not present sufficient proof that the defendant would flee. The only reference to Mr. LeDonne leaving the area came from the testimony of Indiana State Police Officer Roy Stuckey. Officer Stuckey said that he had seen e-mails between Mr. LeDonne and persons in Florida. [Tr. p. 21, ll 12-19]  There was no evidence that Mr. LeDonne was presently intending to leave Indiana or that he had an airline or a bus ticket or had made arrangements to leave Indiana and go to Florida. Certainly, as a condition of release, this Court can order the defendant to remain in the Northern District of Indiana which is exactly what the Probation Department proposed in the Pretrial Release Report. While the defendant has a prior federal conviction for bank fraud, in that case, the District Court granted the defendant pretrial release. And Mr. LeDonne did not leave the area but attended all hearings and eventually entered a plea to bank fraud and was sentenced to 63 months.

In addition, the Government has failed to prove by a preponderance of the evidence that the defendant is a flight risk or untrustworthy to appear. There was no evidence the defendant had failed to appear. The defendant has no intention of leaving the area but intends to vigorously defend against the charges. Mr. LeDonne has significant ties to this area. He is married to Stephanie LeDonne and they have five children: Abigal LeDonne, Alec LeDonne, Alexis LeDonne, Ashton LeDonne, and Ayden LeDonne. The defendant is a life long member of the Elkhart/South Bend community. He and his wife have a marital residence at 14753 Carrigan Court, Granger, Indiana. Mr. LeDonne's father, Anthony LeDonne, lives in Elkhart with Mr. LeDonne's brother, Robert LeDonne, and sister, Mary LeDonne.

In a similar case involving fraud, *U.S. v. Madoff*, 586 F. Supp. 2d 240 (U.S. Dist. NY), the District Court for the Southern District of New York released the defendant, the notorious Bernie Madoff, over the Government's request that he be detained. The District Court noted that the defendant, Madoff, has been charged in "perhaps the largest ponzie scheme ever." *Id*. at 246. The reasoning by the District Court in the *Madoff* case applies here, and for similar reasons set out in *Madoff*, this Court should release the defendant on conditions.

In this case, the defendant should be released on conditions. *See* 18 U.S.C. § 3142(c)(1)(B). This Court could set as a condition of release that the defendant be monitored by a GPS device, or remain on home detention, or call into the Probation Department on a daily basis. This Court could impose a travel restriction to the Northern District of Indiana. This Court could also further order that the defendant not be involved in his own business ventures, and that he look for gainful employment.

/s/ William J. Cohen
William J. Cohen, #3291-20
Attorney for Defendant
401 West Bristol Street
Elkhart, IN 46514
Telephone: (574) 293-4511
Fax: (574) 522-6281
E-Mail: wcohen@williamjc

CERTIFICATE OF SERVICE

I certify that on the 15th day of July, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notice of this filing to all counsel of record.

/s/ William J. Cohen