UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:14-CR-055 JD |
| | ) | |
| JAMES LEDONNE | ) | |

## OPINION AND ORDER

After being indicted on seventeen charges, including charges for transportation of stolen goods, wire, mail, and bankruptcy fraud, and conspiracy to commit mail and wire fraud, the Magistrate Judge ordered defendant James LeDonne detained as a risk of flight. [DE 12, 14.] Mr. LeDonne requested that the undersigned review that detention and, after holding a hearing, the Court found that Mr. LeDonne was a flight risk and that no condition or combination of conditions would reasonably assure his appearance. [DE 65.] Mr. LeDonne asked the undersigned to reconsider its decision [DE 79], proposing that he could be released to stay at an extended stay hotel while on electronic monitoring. Despite these proposals, the Court determined that still no condition or combination of conditions would reasonably assure the presence of Mr. LeDonne. [DE 94.] Thereafter, Mr. LeDonne sought to have attorney William Cohen withdrawn as his defense counsel, and the request was granted. After attorney David Jones entered his appearance on behalf of Mr. LeDonne, the defense again requested reconsideration of the detention order. [DE 145.] Mr. Jones acknowledges that based on the Court's previous rulings and the unchanged facts of this case, Mr. LeDonne's release on his own recognizance isn't a legitimate option; however, the issue requiring review is whether Mr. LeDonne can be released with other conditions that would ensure his appearance at judicial proceedings. This time around Mr. LeDonne indicates that he has secured a room to rent (apart

from his family) and identified an electronic monitoring (EM) system that can track his whereabouts in an assigned area. Further, Mr. LeDonne indicates that he would agree to restrict his associations and travel, and would abide by any other conditions deemed reasonably necessary to assure his appearance. [DE 145.] The Court held another detention review hearing [DE 149], and for the reasons that follow, DENIES Mr. LeDonne's most recent request for release. [DE 145.] Ultimately, the Court does not foresee *any* combination of conditions that will reasonably assure Mr. LeDonne's appearance given his substantial risk of flight.

As indicated in the Court's prior orders, the Bail Reform Act limits the circumstances under which a district court may order pretrial detention. As an initial matter, the Court has already determined that release of Mr. LeDonne on his own recognizance or an unsecured bond would not reasonably assure the appearance of his person. 18 U.S.C. § 3142(b). And to repeat, the defense concedes that no circumstances have changed such that this holding need be reiterated. Thus, the Court must consider whether there is some condition or combination of conditions that would assure the Court of Mr. LeDonne's presence at judicial proceedings. 18 U.S.C. § 3142(c). The government bears the burden of proving that Mr. LeDonne is a flight risk, since being a danger to the community is not at issue in this case. *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985). With respect to being a flight risk, the United States bears the burden of proof by a preponderance of the evidence. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985).

With this burden in mind, the Court notes that it assumes familiarity with the entire case record and the previous orders denying Mr. LeDonne's various attempts to be released. Similar to his last request for the review of his detention [DE 79], Mr. LeDonne offers few new facts minimizing his flight status, but rather provides revised conditions that he believes reasonably

2

assure his presence. Rather than be released to an extended stay hotel as previously proposed, Mr. LeDonne has found a room to rent in South Bend and may have a family friend willing to pay the rent for some period of time. Further, Mr. LeDonne has discovered an EM company, BI, Inc., which offers location monitoring services that provides instantaneous notification at all hours if a subject leaves a designated location or tampers with the monitoring device to whoever requested (likely the probation office's location monitoring specialist).

But there are still problems with Mr. LeDonne's most recent proposal. With respect to Mr. LeDonne's prepaid residential rental,[1] he was unable to demonstrate that the rental could be wired for an operable landline or that the landlord would even be amenable to having one installed so that EM could be used. And even assuming EM could be installed at the rental unit, this does not alleviate an ongoing concern expressed by the Court on prior occasions when considering whether to release Mr. LeDonne—that is, "location monitoring without more [is] merely a deterrence to escape and insufficient to reasonably assure appearance given the strong risk of flight." [DE 65 at 7; DE 94 at 2.] Thus, the latest proposal that Mr. LeDonne could be monitored by BI from a residential rental still does not assuage these concerns. Ankle bracelets, which can easily be cut off, are no more effective today in assuring Mr. LeDonne's appearance than when the Court issued its last order.

While much of the evidence of flight presented by the Government at the last hearing seems overstated, the Government did produce credible evidence that while in jail, Mr. LeDonne has been able to access significant funds (at times used for gifts to his children) and has communicated with others willing to assist him at some level. These resources could no doubt be used to assist in his flight and sustained absence if Mr. LeDonne were released. In addition,

---

[1] In reality, the money has been pledged to Mr. LeDonne, not actually paid to the landlord. In addition, there was no indication that the landlord was reserving the rental for Mr. LeDonne.

there is little keeping Mr. LeDonne from attempting to escape. As pointed out by the government during the hearing, Mr. LeDonne has few identifiable assets or ties to the community as he is completely estranged from his family, the government's case appears strong with Mr. LeDonne facing in excess of twenty years imprisonment, and Mr. LeDonne's alleged criminal conduct continues to call into question his trustworthiness.

Thus, as stated more fully in the Court's previous orders [DE 65; DE 94], the factors under section 3142(g) weigh heavily in support of the conclusion that Mr. LeDonne is a substantial risk of flight. The Court's prior ruling still holds true in that Mr. LeDonne's "ties to this community are severely strained, if convicted he faces a potentially substantial sentence, and his ability to secure cash from associates during the period of his pretrial detention suggests the means to flee." [DE 94 at 2.] The Court does not believe that Mr. LeDonne's stay at a rental unit while monitored by BI provides Mr. LeDonne any incentive to stay if released, and the Court again finds location monitoring insufficient to assure Mr. LeDonne's continued appearance, given the other evidence supporting a strong motive to flee. Finally, Mr. LeDonne has not offered any evidence that his detention would deny his having a reasonable opportunity for private consultation with his defense counsel to prepare for trial, as required by 18 U.S.C. § 3142(i)(3).

Based on the record, the Court continues to believe that *no* foreseeable condition or combination of conditions will reasonably assure the presence of Mr. LeDonne. Accordingly, the Defendant's Motion to Reconsider [DE 145] is DENIED.

SO ORDERED.

ENTERED: May 1, 2015

                                            /s/ JON E. DEGUILIO
                                     Judge
                                     United States District Court