UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:14-CR-055 JD |
| | ) | |
| JAMES LEDONNE | ) | |

## OPINION AND ORDER

Now before the Court is the Defendant James LeDonne's second motion for a bill of particulars [DE 224]. Over two years ago, the Court denied LeDonne's first request for a bill of particulars, but only on the basis of a one-page motion which broadly argued without citation to any relevant case law that "the Seventeen Count Indictment for wire fraud, mail fraud, interstate stolen vehicle, and bankruptcy fraud, does not adequately apprise the defendant of the facts and circumstances surrounding the Indictment or what the Government intends to prove at trial." [DE 39]. The Court denied the cursory motion only after noting that counsel had not identified any specific issues on which the indictment was lacking and had failed to explain why the discovery provided was not sufficient to inform LeDonne of the nature of the charges against him [DE 75].

Since then, the Court has granted the defense four continuances of trial, primarily because it has been determined that the discovery in this matter is even more extensive than initially believed, as it includes (as an example) over 90,000 scanned documents and another 80 bankers boxes of records that were seized but not scanned. LeDonne is also being represented by different counsel, Mr. Visvaldis Kupsis. Mr. Kupsis has explained that the defense is entitled to a bill of particulars with respect to Counts 15 and 17. Specifically, Mr. Kupsis seeks a written bill of particulars identifying the following: a) any and all misrepresentations alleged to have been made by the defendant at a February 6, 2014 Section 341 creditors meeting and

identification of the assets of LG Engineering & Design, Inc. to which the alleged misrepresentations apply; b) any and all misrepresentations relied upon by the government in support of the allegations contained in Count 17 of its indictment against the defendant, specifically providing the approximate date of each alleged statement, the bankruptcy entity to which the statement applied, the nature of the statement and the basis of its falsity, and to whom the statement was made and where the statement can be located as to a transcript or a bankruptcy document; and c) the names of any indicted or unindicted co-conspirators with respect to Count 15, conspiracy to commit fraud, regarding the alleged 2008-2013 timeframe. For the reasons stated below, the Defendant's motion for a bill of particulars is GRANTED.

## **DISCUSSION**

Federal Rule of Criminal Procedure 7(f) states that the "court may direct the government to file a bill of particulars." In analyzing whether to order the government to file a bill of particulars, "the key question is whether the defendant was sufficiently apprised of the charges against him in order to enable adequate trial preparation." *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008) (citing *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003) ("[A] bill of particulars [is] unnecessary where the indictment sets forth the elements of the charged offenses and provides sufficient notice of the charges to enable the defendant to prepare his defense." (alterations in original))). "Information relevant to the preparation of a defense includes the elements of each charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the statute or statutes violated." *Id.* (citing *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003)). "The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *United*

*States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003) (quoting *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981)) (alterations in original).

In this case, the indictment itself is fairly detailed with respect to Counts 1-14 (mail and wire fraud), as well as, with respect to Count 16 (interstate transportation of a stolen good). With respect to the mail/wire fraud counts, the indictment provides details regarding the alleged fraudulent scheme, the corporate entities utilized, the method of the fraud (taking orders and down payments on mobile fiber optic splicing/testing units, despite not having the capacity to manufacture the units), and the specific dates for each of the relevant transmissions or mailings. With respect to the interstate transportation of stolen goods count, the indictment identifies the type of goods at issue (a fiber optic splicing trailer and tools/equipment), the location of the transportation (from Indiana to Georgia), the elements of the offense, and a general date (in or around the summer of 2012). Given the details contained in the indictment concerning these counts, Mr. Kupsis' motion does not pertain to them.

With respect to the conspiracy to commit fraud count (Count 15), the indictment does not explicitly incorporate the prior paragraphs describing the fraud, does not set out any additional facts, and only identifies the relevant time frame of 2008-2013 for the alleged conspiracy. Defense counsel argues that given the vast amount of post-indictment discovery, knowing the identity of the co-conspirators would help clarify the scope of the conspiracy actually alleged in Count 15. Additionally, the government's *Santiago* proffer would not necessarily identify all of the individuals that LeDonne is alleged to have conspired with in the event that the government does not anticipate the introduction of statements at trial by every co-conspirator. Given the vast time frame alleged in the indictment and lack of additional details, in order to sufficiently apprise

3

LeDonne of the conspiracy charge against him and enable adequate trial preparation, the Court GRANTS the defense's motion for a bill of particulars with respect to Count 15.

With respect to the bankruptcy fraud count (Count 17), the indictment identifies the four companies controlled by LeDonne which filed bankruptcy in an alleged attempt to fraudulently prevent or delay payment to the creditors of those companies. The indictment further indicates that LeDonne misrepresented the true state of the financial affairs of the companies, by making false statements during the Section 341 creditors meeting on February 6, 2014 regarding accounts receivable and other assets of LG Engineering and Design, Inc., and by falsely listing and omitting assets of the debtor companies in the bankruptcy filings. The criminal acts are alleged to have occurred in or around 2008 to 2014, but no further specifics are provided.

While the government has provided substantial discovery to defense counsel and offered defense counsel the opportunity to inspect all of the documents seized during the execution of the search warrants, Mr. Kupsis has explained why advising the defense that the relevant facts occurred sometime within a seven year time frame and are located somewhere in the voluminous bankruptcy filings and/or in 80 bankers boxes available for inspection is not sufficient. In response, the government footnoted that it has provided the defense with an audio recording of the Section 341 hearing, in which LeDonne falsely stated that he had $550,000 in accounts receivable from customers who had not paid him, and that (in the bankruptcy filings) LeDonne failed to disclose business equipment (forklifts and machinery) and other assets (trailers and real accounts receivables) that were owned by each business [DE 234 at 3, n. 1-2]. The government contends that these footnotes and the affidavit made in support of the search warrants [DE 54-1] provides the details which pin down the conduct at issue.

If this is the case, then the government should be able to simply state these factual underpinnings in a bill of particulars in order to ensure that LeDonne is adequately apprised of the actual facts and circumstances surrounding the indictment with respect to the bankruptcy fraud charge. In other words, the Court finds this to be the better approach given the number of bankruptcy cases involved over the course of an extensive period of time, along with the fact that numerous assets are potentially at issue. For these reasons, the request for a bill of particulars is GRANTED with respect to Count 17.

## **CONCLUSION**

For the reasons stated above, the Defendant's motion for a bill of particulars relative to Counts 15 and 17 is GRANTED.

SO ORDERED.

ENTERED: <u>November 8, 2016</u>

/s/ JON E. DEGUILIO<br>Judge<br>United States District Court