UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | CASE NO. 3:14 CR 55 |
| ) | |
| JAMES LEDONNE,  ) | |
| Defendant.  ) | |

### RESPONSE TO GOVERNMENTS MOTION FOR A NO CONTACT ORDER

Comes now Defendant, by counsel, Visvaldis P. Kupsis and in support of above named motion, states as follows:

The Government has filed a motion before the court requesting an order prohibiting the Defendant from communicating in any form, directly or indirectly, with any witnesses, victim, investigating agent and prosecutor assigned to this case.

In support of their request, the Government cites the Crime Victim's Rights statute set forth under 18 U.S.C. Section 3771 as well as the case *United States v. Smalanskas 2012 WL 5064489, at *(D. Mass Octo. 16, 2012).*

In pertinent part, the Crime Victim's Rights Statute provides that a Crime Victim has the right to be reasonably protected from the accused. 18 U.S.C. Section 3771 (a)(1). The statute does not pertain to communication with witnesses nor does it pertain to communication with the investigators or prosecuting attorneys. As a result, at best, this statute would only deal with communication with victims.

Based upon same, the question arises as to reasonable protection from the accused.  The materials submitted do not threaten or attempt to produce false testimony on the part of any victims who would also be considered witnesses.  Additionally, even if Defendant were to be prohibited from communicating with any of these victims his counsel would have a right to attempt to speak to them on behalf of the Defendant.  As a result, the Government's request that Defendant be prohibited from communicating indirectly with any witness, victims, investigating agent or prosecuting attorney is overly broad in that communication from his attorney could be considered indirect communication.  Additionally, the Government has not delineated a witness list so it is somewhat speculative as to whom Defendant is prohibited from contacting.

Additionally, there is a pending motion for withdrawal of counsel.  If Defendant continues to be represented by counsel the Government's concern could be addressed by simply having any and all communications be channeled through counsel.  However, if Defendant were to ultimately proceed pro se, he cannot be prohibited from interviewing witnesses in regard to preparation of his own defense.

The Government's reliance on *United States v. Smalanskas* is also misguided.  *Smalanskas*, is a case in which the Defendant was released on bond.  The charges against him involved harboring an illegal alien, that person being his maid.  As a condition of his bond, Defendant was prohibited from communicating with his maid who was the subject of the criminal prosecution.

In this case, the Defendant does not have any bond therefore he does not have any conditions regarding his release.  Furthermore, this is a case that involves multiple witnesses in the form of employees, vendors, alleged victims, and investors.  Defendant is not aware of any authority that absolutely prohibits communication between the Defendant and any potential witnesses.  As previously stated, it is unclear as to whom may be a witness.  Clearly, Defendant must be able to communicate indirectly with these individuals through his counsel. Furthermore, he should be put on notice as to whom he cannot communicate with if the Court should so order.

Based upon the aforesaid, Defendant indicates that the Government's request to prohibit communication in any form, directly or indirectly, with any witness, victim, investigating agent and prosecuting attorney is overly broad.  For those reasons, Defendant would request that the Government's motion be denied.

Respectfully Submitted,

/s/ Visvaldis P. Kupsis
Visvaldis P. Kupsis, 5594-45
Attorney for Defendant
1158 W. Lincolnway, Ste. 1C
Valparaiso, IN  46385
(219) 465-6240