UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:14-CR-55 JD |
| | ) | |
| JAMES P. LeDONNE | ) | |

### GOVERNMENT'S NOTICE OF INTENTIONS

The Court has ordered the government to file a notice as to its intentions in response to the defendant's notice of intent to plead guilty to two counts. The government now responds as follows:

The defendant has indicated that he intends to plead guilty to two out of 17 counts of the Indictment. Considering the defendant's history and the past circumstances of the case, until the plea hearing occurs, the plea is accepted, and the government has had an opportunity to observe and evaluate the factual basis the defendant makes, it is difficult to assess what would be appropriate regarding proceeding on the remaining counts. Accordingly, the government respectfully requests that a plea hearing be held as expeditiously as possible. In order to further aid the expeditious resolution of this matter, the government also respectfully requests that the plea hearing be held before the District Judge instead of the

1

Magistrate Judge.  This particular matter should be resolved as soon as possible in order to avoid the large expenses that are being incurred by the government in booking flights and hotel rooms for the approximately three dozen out-of-state trial witnesses who are coming to Indiana for the trial on May 8.  Once the plea is entered and accepted by the District Court, the government will then be in a position to better evaluate how to proceed with the remaining counts and a possible continuance of the scheduled trial date.

The government further notes that after the defendant pleads guilty to two counts, it would be possible for the Court to simply hold in abeyance the remaining 15 counts that are not pled to or to continue a trial date on these remaining 15 counts until after the sentencing on the two counts to which the defendant pleads guilty.  There would be no Speedy Trial concerns with this posture:  the Court has full statutory authority and legal precedent holding that it would not violate the Speedy Trial Act if the Court merely held the remaining 15 counts in abeyance pending the sentencing on the two counts to which the defendant plans on pleading guilty. The Speedy Trial Act "clock" is tolled when a defendant "enter[s] a plea of guilty…to any or all charges in an indictment . . . ." 18 U.S.C. 3161(i). This tolling applies to all counts of the indictment and not just those specifically pled to, because, as stated in *United States v. Mack*, 669 F.2d 28, 31-32 (1st Cir. 1982), without such a reading "it

2

[is] possible for a defendant to enter a plea of guilty on the 59th day to one of several charges and wait several weeks, and then withdraw his plea before sentencing, thereby frustrating any prosecution of the other counts which not yet have been dismissed." (quoting legislative history of the Speedy Trial Act). Accordingly, here, if the defendant pleads guilty to the two counts, he will be tolling the Speedy Trial Act clock as to all counts.

The government further notes that the lengthy delays in this case have been due to the defendant, and have not been due to any requests from the government.  As such, it was the defendant who affected a speedy disposition of this matter, and he cannot justifiably raise any argument now concerning a violation of the speedy trial rights. Holding the remaining 15 counts in abeyance would protect the government's right to a full and fair process, would in no way prejudice the defendant's rights to a full, speedy and fair process, and is judicially economic, as doing so will not affect the Court's schedule or work load beyond the setting of the date if the Court so chooses.

Wherefore, the government respectfully requests that a plea hearing be held as expeditiously as possible so as to permit the defendant to plead guilty to Counts 8 and 14 as the defendant has so indicated.

        Respectfully submitted,

        CLIFFORD D. JOHNSON
        ACTING UNITED STATES ATTORNEY


By: /s/ *Gary T. Bell*
    Gary T. Bell
    Assistant U.S. Attorney
    U.S. Attorney's Office
    5400 Federal Plaza, Ste. 1500
    Hammond, IN 46320
    Tel: (219) 937-5500
    Fax: (219) 852-2770


    /s/ *Luke Reilander*
    LUKE REILANDER
    Assistant U.S. Attorney
    M01 Robert A. Grant Federal Bldg.
    204 S. Main Street
    South Bend, IN 46601
    Tel: (574) 236-8287
    Fax: (571) 236-8155

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/EFC system which sent notification of such filings to counsel of record.

S/Lorene B. Nelson
Lorene B. Nelson
Legal Assistant
